**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| YANG LI<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE, Attorney General of the United States, *et al*.,<br><br>Defendants. | Case No. 26 cv 1735<br><br>Honorable Sunil R. Harjani |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Yang Li claims that the United States Citizenship and Immigration Services (USCIS) has unreasonably delayed processing his I-485 application for lawful permanent residence, or what is commonly known as a green card. He sues to compel USCIS to adjudicate his petition under the Administrative Procedure Act (APA) and the Mandamus Act. Defendants Todd Blanche,[1] as Attorney General of the United States, Markwayne Mullin, as Secretary of the Department of Homeland Security, Joseph Edlow, as Director of USCIS, and USCIS move to dismiss both claims, asserting that the Court lacks jurisdiction under Federal Rule of Civil Procedure 12(b)(1). For the reasons stated below, the Court grants Defendants' motion to dismiss [13] for lack of subject matter jurisdiction.

## Background

Li was granted asylum on August 1, 2024, and he filed an I-485 application to adjust his status on September 13, 2024. [1] ¶¶ 13–14. Li submitted his fingerprints to USCIS on November 12, 2024. *Id.* ¶ 16. USCIS requested more evidence from Li on December 13, 2024, and records showed USCIS received Li's response on January 24, 2025. *Id.* ¶¶ 17–18. Li's I-485 application became statutorily eligible for final adjudication on August 1, 2025. *Id.* ¶ 18.

Since then, Li has followed up with USCIS several times to check on his application's status. He has called the customer service line, live chatted with an agent, and submitted other inquiries. *Id.* ¶¶ 20–24. In response to Li's inquiry, on

[1] The clerk is directed to substitute Todd Blanche, Attorney General, for his predecessor, Pamela Bondi, and Markwayne Mullin, Secretary of Homeland Security, for his predecessor, Kristi Noem. *See* Fed. R. Civ. P. 25(d).

January 28, 2026, USCIS responded that workload factors not related to his case were causing a delay and that it adjudicates applications in the order received. *Id.* ¶ 24. He also reached out to Senator Tammy Duckworth's office, Representative Jan Schakowsky's office, and the Office of the Citizenship and Immigration Services Ombudsman, but he did not receive a substantive response from any of them. *Id.* ¶¶ 25–27. At the time of filing this lawsuit, his I-485 application had been pending for over 500 days. *Id.* ¶ 28.

Li alleges that the failure to adjudicate his I-485 application has harmed him. Without proof of lawful resident status, he cannot establish residency to receive in-state tuition in the University of Illinois system; he cannot enlist in the Armed Forces; and he cannot make long-term career commitments, secure stable housing, or travel abroad. *Id.* ¶¶ 30–32.

## Legal Standard

Defendants move to dismiss Li's Complaint under Rule 12(b)(1), which tests the complaint's sufficiency for subject matter jurisdiction, not the merits of the case. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). The plaintiff bears the burden of establishing that subject matter jurisdiction has been met. *Id.* at 588–89. Courts construe pro se plaintiff complaints liberally. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

There are two types of subject-matter challenges defendants can make: factual challenges and facial challenges. For a factual challenge, the pleading is formally sufficient, but there is *in fact* no subject matter jurisdiction, and therefore, the court can review evidence outside the complaint to assess whether subject matter jurisdiction exists. *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). In contrast, a facial challenge contends that, even if the facts in the complaint are true, the plaintiff has not sufficiently alleged subject matter jurisdiction, and courts do not look beyond the complaint's allegations. *Id.* at 443. Here, Defendants argue that the Court lacks subject matter jurisdiction, not because facts external to the Complaint call the Court's jurisdiction into question, but because a certain statute deprives the Court of subject matter jurisdiction. Thus, Defendants' Rule 12(b)(1) motion is properly understood as a facial challenge.

## DISCUSSION

The Immigration and Nationality Act (INA) allows an asylee to apply to adjust their status to a lawful permanent resident under 8 U.S.C. § 1159(b). Under the statute, the Secretary of Homeland Security or the Attorney General "may" "in [their] discretion" adjust an asylee's status to that of a lawful permanent resident if he: 1) applies for adjustment, 2) has been physically present in the United States for at least one year after receiving asylum, 3) continues to be a refugee under the meaning of

the INA, 4) is not firmly resettled in another country, and 5) is admissible under the INA. 8 U.S.C. § 1159(b).

Li argues that USCIS has taken too long to review his I-485 application and seeks relief under the APA. Under the APA, a court can compel an agency to act where it has unlawfully withheld or unreasonably delayed an action. 5 U.S.C. § 706(1). The APA also commands agencies to conclude matters within a reasonable time. *Id.* § 555(b). The APA does not apply to statutes that preclude judicial review or where the agency action "is committed to agency discretion by law." *Id.* § 701(a). USCIS therefore has a duty to adjudicate matters within a reasonable time, and a court can compel it to act when it unreasonably delays its decisions, as long as doing so does not run afoul of the exceptions in Section 701(a).

In addition to APA relief, Li also moves for a writ of mandamus. District courts have mandamus jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To demonstrate eligibility for mandamus relief, Li must show 1) a clear right to the relief sought; 2) that the defendant has a duty to do the act in question; and 3) that no other adequate remedy is available. *Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017). In other words, mandamus cannot be used to compel or review discretionary actions.

Li argues that waiting over 500 days for a decision constitutes an unreasonable delay. He is clear in the Complaint that he is not asking the Court to compel USCIS to give him a particular result—rather, he is asking the Court to compel USCIS to decide his petition in the first instance. The Court notes that since he was granted asylum on August 1, 2024, Li was not statutorily eligible to adjust status until August 1, 2025, after he met the one-year requirement in Section 1159(b). Even though he filed his I-485 application to adjust status on September 13, 2024, USCIS could not have reviewed his application before August 1, 2025. As a result, his viable application has been pending for much less than 500 days. However, the exact amount of time Li waited and whether that is unreasonable are beside the point if Defendants are correct in asserting that this Court lacks jurisdiction to consider his claims.

## I. Subject Matter Jurisdiction

According to the government, a provision of the INA, 8 U.S.C. § 1252(a)(2)(B)(ii), states that courts do not have the power to review APA or mandamus claims brought under Section 1159(b). Section 1252(a)(2)(B)(ii) forbids courts from reviewing "*any* other *decision or action* of the Attorney General or Secretary of Homeland Security the authority for which is specified under this subchapter to be *in the discretion* of the Attorney General or the Secretary[.]" (emphasis added). "[T]his subchapter" refers to 8 U.S.C. §§ 1151–1382, *see Kucana v.*

*Holder*, 558 U.S. 233, 239 n.3 (2010), which includes Section 1159(b) at issue here. Section 1252(a)(2)(B) also specifically includes the mandamus statute in its exclusions of jurisdictional review by stating: "Notwithstanding any other provision of law . . . including section 2241 of *title 28*, . . . and *sections 1361* . . . *of such title* . . . no court shall have jurisdiction to review. . . .") (emphasis added).

The question presented then is whether the Court has jurisdiction to hear Li's claims. Despite the statutory language, Li says it does, citing *Ahmed v. Department of Homeland Security*, 328 F.3d 383 (7th Cir. 2003). He asserts that the defense conflates jurisdiction with the merits, quoting *Ahmed*: "[I]t is necessary to distinguish between the court's power to adjudicate the petition and the court's authority to grant relief. Only the former necessarily implicates the subject-matter jurisdiction of the court[.]" *Id.* at 386. Based on this statement, Li argues that the Court has jurisdiction to hear his claim, and whether he satisfies the requirements of a mandamus or APA action is a merits question.

Li's reliance on *Ahmed* requires closer scrutiny. In *Ahmed*, the plaintiff lived in Pakistan and had received a spot in the United States' diversity visa lottery program. *Id.* at 384. For various reasons, the plaintiff could not meet the one-year deadline to complete her application, and she later brought a mandamus and APA action to compel the government to process it. *Id.* at 384–85. Partially relying on 8 U.S.C. § 1252(a)(2)(B)(i), the district court determined that consular visa determinations were discretionary, and therefore, under Section 1252, it lacked subject matter jurisdiction. *Id.* at 385. The district court had also found that it lacked jurisdiction because it could not compel the INS (the predecessor of USCIS) to adjudicate the plaintiff's request for mandamus relief after the visa program's one-year timeline had passed. *Id.* For those reasons, the district court dismissed the complaint for lack of jurisdiction. *Id.*

On appeal, the Seventh Circuit affirmed dismissal but found that the lower court's reasoning was incorrect. First, the lower court improperly relied on Section 1252 to find it lacked jurisdiction—in fact, Section 1252 did not apply to the *Ahmed* plaintiff because she was not in the United States and could not have adjusted her status. *Id*. The Seventh Circuit then determined that the inability to grant effective mandamus relief was a merits question rather than a jurisdictional one. *Id.* at 386–87. The court assumed jurisdiction under 28 U.S.C. § 1361 and, on the merits, affirmed dismissal of the complaint. *Id.* at 386–88. Because it could not compel the INS to hear the plaintiff's application after the one-year deadline, the court could not provide mandamus relief. *Id.* at 387–88. However, the Court held that even though it could not provide relief, it could still review the case. *Id.* at 387.

Quite simply, the *Ahmed* case is not comparable to Li's case. The issue in *Ahmed* was whether the court's inability to provide mandamus relief was a jurisdictional or merits question. Concluding that it was a merits question, the

*Ahmed* court was able to review the mandamus and APA claims. That is not the case here. Here, the question is whether Section 1252(a)(2)(B) prevents the Court from reviewing Li's claim. As creatures of Congress, district courts can exercise only the jurisdiction Congress bestows, and Congress, in its discretion, can take that jurisdiction away. *See Kline v. Burke Const. Co.*, 260 U.S. 226, 233–34 (1922). If Congress has taken jurisdiction away through a statute, the Court has no power to hear Li's case. The matter of what relief, if any, the Court can provide is irrelevant.

Turning to subject matter jurisdiction, the Court determines that it does not have the power to hear Li's claims because Section 1252(a)(2)(B)(ii) strips the Court of jurisdiction. The Court's reasoning is twofold: (1) USCIS's failure to adjudicate Li's petition is an "action" for the purposes of Section 1252(a)(2)(b)(ii), and (2) the language of Section 1159(b) demonstrates that deciding I-485 petitions is within the agency's discretion.

**1. Unreasonable Delay as Action**

Li asserts that he is not contesting a discretionary decision but rather the failure to act, and Section 1252(a)(2)(B)(ii) does not foreclose this Court's review. While no Seventh Circuit case law addresses this exact question in the Section 1159(b) context, the Court finds the appellate court's decision in *Soni v. Jaddou*, 103 F.4th 1271 (7th Cir. 2024) instructive.

In *Soni*, the plaintiff sought an immigrant visa but was subject to a ten-year waiting bar because he was unlawfully present in the United States for more than a year. *Id.* at 1272. While the plaintiff applied to waive the ten-year period via an I-601A waiver, that application languished without a decision for 17 months. *Id.* The plaintiff then sued under the APA, requesting that the district court compel the agency to act. *Id.* The district court dismissed the complaint for lack of jurisdiction, relying on 8 U.S.C. § 1182(a)(9)(B)(v), which provided that: "No court shall have jurisdiction to review *a decision or action* by the Attorney General regarding a waiver under this clause." *Id.* (emphasis added). The Seventh Circuit affirmed the district court's decision, finding that the agency's failure to act was an "action" under Section 1182. *Id.* at 1273. ("Setting priorities—for example, how many employees to assign to processing applications under this clause, as opposed to handling other duties—is an 'action regarding' waivers."). Therefore, Section 701(a)(1) of the APA precluded the court's review. *Id.* ("No review means no review; the statute does not need to list all of the many potential legal theories that are not reviewable."). *Id.* at 1273. Because the statute precluded judicial review, the Seventh Circuit affirmed the dismissal for lack of jurisdiction.

While the *Soni* facts differ on the type of petition at issue, the statutory language the Seventh Circuit analyzed is substantially similar. In *Soni*, the court relied on the "decision or action" language of Section 1182(a)(9)(B)(v) to determine

that an agency's failure to act fell within the statute's meaning. Here, the language in Section 1252(a)(2)(B)(ii) is almost verbatim—courts cannot review the Attorney General or the Secretary's "decisions or actions." Moreover, in Li's correspondence with USCIS, the agency informed him that unrelated workload factors were causing his delay. This is similar to *Soni* because the Seventh Circuit held that "setting priorities," such as how many employees to assign to process petitions qualifies as an action. Setting priorities includes managing workload and thus leads to the same conclusion here—failure to act or slow processing of an application is an "action" under Section 1252(a)(2)(B)(ii).

Li's reliance on *Iddir v. Immigration & Naturalization Service*, 301 F.3d 492 (7th Cir. 2002) to support his position does not help him. In *Iddir*, the plaintiffs sought injunctive relief because their diversity visa lottery applications had been denied not on the merits, but because INS failed to take any action on the petitions and they had expired. *Id.* at 497–98. However, this was not a qualifying discretionary "decision or action" under Section 1252(a)(2)(B). *Id.* at 498. The INS had to deny those applications under the statute due to their expiration. *Id.* That is not the case here. Although the INS did not review the plaintiffs' petitions in *Iddir,* its decision was not discretionary and thus not subject to the jurisdictional bar. It was bound by the statute's language to deny petitions outside the one-year window. In Li's case, the statute contains no such binding language.

While there are cases in this district with contrary findings, the Court does not find them persuasive. *See, e.g.*, *Khelashvili v. Dorochoff*, 2007 WL 4293634 (N.D. Ill. Dec. 6, 2007) (finding that the court had jurisdiction to consider USCIS's failure to adjudicate plaintiffs' I-485 application); *Kamal v. Gonzales*, 547 F. Supp. 2d 869 (N.D. Ill. 2008) (same). These cases did not have the benefit of the Seventh Circuit's reasoning in *Soni*, and as that court stated, "[n]o review means no review." *Soni*, 103 F.4th at 1273. In fact, since the *Soni* decision, numerous other district courts in this Circuit have similarly concluded that Section 1252(a)(2)(B)(ii) covers a failure to act. *See Bhaidas v. Noem*, 2025 WL 2996362, at *4 (N.D. Ind. Oct. 22, 2025) (in a case involving both Form I-130 and I-485, the court found that it lacked jurisdiction to rule on a similar request to compel adjudication); *Garcia v. U.S. Citizenship & Immigr. Servs*, 760 F. Supp. 3d 671, 673 (N.D. Ill. 2024) (Section 1252(a)(2)(B)(ii) "strips the Court of the ability to review not just those ultimate decisions but 'any. . . action' leading to such decisions as well" and court lacked jurisdiction to evaluate the unreasonable delay in ruling on I-601 waiver); *Lobatos v. Noem*, 2025 WL 1651220, at *4–5 (N.D. Ill. June 11, 2025) (finding court lacked subject matter jurisdiction to evaluate unreasonable delay for U-visa petition); *Nayi v. Noem*, 799 F. Supp. 3d 739 (N.D. Ill. 2025) (determining the court lacked jurisdiction to consider whether plaintiffs' U-visa petitions were bonafide and whether they were authorized for employment).

In light of *Soni* and district court decisions following in its wake, the Court finds that USCIS's failure to adjudicate an I-485 application under Section 1159(b) is an action within the meaning of Section 1252(a)(2)(B)(ii).

**2. Discretionary Action**

The Court turns to whether the agency's action under Section 1159(b) is discretionary. The text of 8 U.S.C. § 1159(b) provides that the Attorney General or Secretary, at their "discretion," "may" adjust Li's status if certain factors are met. The Supreme Court has repeatedly observed that the word "may" denotes discretion. *Biden v. Texas*, 597 U.S. 785, 802 (2022). The text of the statute also uses the word "discretion." This sort of language clearly signals discretionary authority and triggers Section 1252(a)(2)(B)(ii)'s jurisdictional bar.

The recent Supreme Court case in *Bouarfa v. Mayorkas*, 604 U.S. 6 (2024) also supports this reading. In that case, the Supreme Court determined whether revocation of a visa petition under Section 1155 qualified as a decision under the discretion of the DHS Secretary such that it fell within the jurisdiction-stripping language in Section 1252(a)(2)(B)(ii). *Id.* at 9. Section 1155 states that the Secretary "may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any [visa] petition." *Id.* at 13. This was a "broad grant of authority" that communicated deference to the Secretary's discretion. *Id.* at 14. Similar to *Bouarfa*, the use of the word "may" and the explicit use of the word "discretion" clearly denotes a discretionary decision by the agency. Thus, the agency's action, or inaction, under Section 1159(b) is an unreviewable discretionary decision.

## CONCLUSION

For these reasons, Defendants' motion to dismiss is granted. Congress has stripped the Court of jurisdiction to review Li's APA and mandamus claims. Under 8 U.S.C. § 1252(a)(2)(B)(ii), the Court does not have the power to hear claims that contest USCIS's discretionary actions, which include the speed at which it adjudicates I-485 petitions under Section 1159(b). The Court dismisses the claims without prejudice for lack of jurisdiction.

**SO ORDERED.**

Dated: September 30, 2026

Sunil R. Harjani
United States District Judge